UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HOBBY LOBBY STORES, INC, | : | |
| | : | Civil Action No. 21-CV-3113 (RPK) |
| Plaintiff, | : | |
| - against - | : | **MEMORANDUM OF LAW IN** |
| | : | **SUPPORT OF MOTION FOR** |
| DIRK D. OBBINK, | : | **ENTRY OF DEFAULT** |
| | : | **JUDGMENT** |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY PLAINTIFF HOBBY
<u>LOBBY STORES, INC. FOR ENTRY OF DEFAULT JUDGMENT</u>**

# TABLE OF CONTENTS

FACTUAL BACKGROUND……………………………………………………….. 1

ARGUMENT ………………………………………………………………………. 2

    I.    Hobby Lobby is Entitled to a Judgment By Default ……………………….. 2

        A.  The Court Has Personal Jurisdiction Over Defendant……...………… 5

        B.  Venue in The Eastern District of New York is Proper….…………. 6

        C.  Service of the Summons and the Complaint was Proper …………….. 7

        D.  The Complaint Pleads Fraud with Particularity in Accordance with Fed. R. Civ. P. 9(b) ……………………………………………………… 7

        E.  The Complaint Adequately Pleads Separate Fraud and Breach of Contract Claims …………………………………………………… 8

CONCLUSION ………………………………………………………………….. 9

# TABLE OF AUTHORITIES

**Cases**

*Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408 (2d Cir. 2005) …………………… 6

*DiVittorio v. Equidyne Extractive Industries, Inc*., 822 F.2d 1242 (2d Cir. 1987) ……… 8

*Doctor's Assocs. v. Stuart*, 85 F.3d 975 (2d Cir. 1996) …………….………………… 6

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) …. 6

*Mills v. Polar Molecular Corp*., 12 F.3d 1170 (2d Cir. 1993) ……………..………….. 7, 8

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) …………….…………………….… 7

*Sasso v M. Fine Lbr. Co.,* 144 FRD 185 (E.D.N.Y. 1992) ……………..……………… 3

*United States v McDermott,* 2014 US Dist LEXIS 31699 (E.D.N.Y. 2014) …………….. 3

*V&A Collection, LLC v Guzzini Props*., 2021 US Dist LEXIS 49106 (S.D.N.Y. 2021) … 5

*Walden v. Fiore*, 571 U.S. 277, 283, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) …………. 5

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559,
62 L. Ed. 2d 490 (1980) ……………………………………………………………….. 5


**Constitutions, Statues and Treaties**

28 U.S.C. §1391(b)(1)-(3) ……………………………………………………………….. 6

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents,
Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ……………………………………….. 7


**Rules and Regulations**

Fed. R. Civ. P. 4(f)(1) …………………………………………………………………….. 2, 7

Fed. R. Civ. P. 4(k)(1)(A) ………………………………………………………………… 5

Fed. R. Civ. P. 8 ………………………………………………………………………….. 7

Fed. R. Civ. P. 9(b) ……………………………………………………………………….. 2, 4, 7

Fed. R. Civ. P. 12(a)(1)(A) ………………………………………………………….. 2

N.Y. C.P.L.R. §302(1) ……………………………………………………………… 5

Plaintiff Hobby Lobby Stores, Inc. ("Hobby Lobby") hereby submits this Memorandum of Law in support of its Motion for Default Judgment against Defendant Dirk D. Obbink ("Obbink").

**Factual Background**

Hobby Lobby commenced this action on June 2, 2021, for fraud and breach of contract in connection with its purchase of ancient papyrus fragments (the "Fragments"), along with other ancient objects, from Obbink. Hobby Lobby purchased the Fragments (the "Purchases"), from Obbink for approximately $7,095,100 pursuant to seven private sale agreements (the "Sale Agreements"). Unbeknownst to Hobby Lobby, some of the Fragments, the total number yet unknown, had been stolen by Obbink from the Egyptian Exploration Society at the University of Oxford in the United Kingdom (the "EES"). On June 29, 2018, Obbink entered into an agreement with Hobby Lobby to rescind the sale of one of the Fragments ("the Gospel Fragment") and to return the $760,000 purchase price to Hobby Lobby (the "2018 Agreement"). Obbink breached the 2018 Agreement after paying only $10,000 of the total amount due.

Obbink was properly served with the Summons and Complaint in this action at his residence, a houseboat in Oxford, England on September 7, 2021, pursuant to Fed. R. Civ. P. 4(f)(1), in accordance with the rules of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which the United Kingdom is a signatory. A copy of the process server's affidavit of service was filed on September 12, 2021. (ECF Docket No. 6). A letter to the Court explaining the difficulties Hobby Lobby had had in effecting service of process and the validity of the means of service used was filed on September 13, 2021. (ECF Docket No. 7).

Obbink's time to answer or otherwise respond to the Complaint expired on September 28, 2021. To date, Obbink has not filed an Answer or response of any kind to the Complaint, nor has he appeared in this action. On November 18, 2022, Hobby Lobby filed a motion for entry of default judgment, supported by and Attorney Affirmation by Michael McCullough setting forth the facts of the case and the method of service of the Summons and Complaint on the Defendant. (ECF Docket No. 8). Hobby Lobby's Request for Certificate of Default filed on November 18, 2021, was served on the Defendant by U.S. Mail, postage prepaid to Mr. Dirk D. Obbink, James Brindley, Weirs Orchard, Weirs Lane, Oxford, OX1 4UP, United Kingdom. On November 30, 2021, the Clerk of the Court entered a default against Obbink. (ECF Docket No. 9).

By Scheduling Order dated June 2, 2022 (the "June 2022 Order"), the Court directed Hobby Lobby to file a memorandum of law in support of its motion for default judgment addressing the legal basis for the requested relief, including: (1) why the Court has personal jurisdiction over Obbink; (2) why venue in this district is proper; (3) why service of the summons and the Complaint was proper; (4) whether the Complaint pleads fraud with particularity in accordance with Fed. R. Civ. P. 9(b); and (5) whether the Complaint adequately pleads parallel fraud and breach of contract claims.

## ARGUMENT

### I. HOBBY LOBBY IS ENTITLED TO A JUDGMENT BY DEFAULT

Under Fed. R. Civ. P. 12(a)(1)(A), a defendant is required to serve an answer "within 21 days after being served with the summons and complaint." In the present case, Obbink was properly served with the Summons and Complaint at his residence on September 7, 2021, pursuant to Fed. R. Civ. P. 4(f)(1). The 21-day period from the September 7, 2021 service date

expired on September 28, 2021. To date, Obbink has not filed an Answer or otherwise responded to the Complaint, nor has he appeared in the action.

Where, as here, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, "a default judgment is appropriate to protect the non-defaulting party from 'interminable delay and continued uncertainty.'" *Sasso v M. Fine Lbr. Co.*, 144 FRD 185, 188 (E.D.N.Y. 1992) (citations omitted)). Though Hobby Lobby would prefer that this case be decided upon its merits, since Obbink has elected not to defend this action, there is only one avenue available to conclude this matter, the entry of a default judgment against Obbink.

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *United States v McDermott*, 2014 U.S. Dist. LEXIS 31699, *4 (E.D.N.Y. 2014). Specifically, Hobby Lobby's allegations may be summarized as follows:

- Prior to the Purchases, Obbink represented to Hobby Lobby in the Sale Agreements and in separate conversations that (i) the Fragments had been previously owned by private collectors; (ii) Obbink owned all right, title, and interest in and to the Fragments; (iii) Obbink had the unencumbered right to sell the Fragments to Hobby Lobby; and (iv) Hobby's Lobby's purchase of the Fragments would not infringe upon the rights of any third party. (Complaint, ¶2).
- Obbink knew that Hobby Lobby required his representation and warranties about the origin of the Fragments because Hobby Lobby was purchasing the Fragments to lend and/or donate to the Museum of the Bible ("MOTB"), and, hence, both Hobby Lobby and MOTB would rely on the truth of Obbink's representations and warranties. (*Id.*, ¶12).

3

- Hobby Lobby reasonably relied on Obbink's representations and warranties in purchasing the Fragments and, although Hobby Lobby conducted a reasonable and customary due diligence investigation on the Fragments, it discovered no reason to question the truth, accuracy, and completeness of Obbink's various statements, misstatements, and omissions which cumulatively amounted to a lie. (*Id.*, ¶29).

- Hobby Lobby found out that the Fragments were stolen when a representative of MOTB travelled to London, United Kingdom and met with representatives of EES to discuss the Gospel Fragments. At the meeting, the EES representatives concluded that the Gospel Fragments had been stolen from the EES by Obbink and sold to Hobby Lobby. To date, thirty-two (32) Fragments have been identified as having been stolen by Obbink from EES and sold directly to Hobby Lobby. (*Id.*, ¶23-25).

- Hobby Lobby would not have made the Purchases if it had known that Obbink had stolen the Fragments. (*Id.*, ¶29).

- On June 29, 2018, Obbink entered into the Return Agreement to rescind the sale of the Gospel Fragments and to return the $760,000 purchase price. (*Id.*, ¶20).

- Obbink made a payment on September 24, 2019 of $10,000 under the Return Agreement and agreed to pay the balance of the amount owed by November 2019. (*Id.*, ¶22). He made no further payments pursuant to the Return Agreement and, hence, breached the Return Agreement by failing to pay the $750,000 balance owed. (*Id.*, ¶34).

As set forth below, (i) the Court has personal jurisdiction over Obbink; (ii) venue in this district is proper; (iii) service of the Summons and Complaint was proper; (iv) the Complaint pleads fraud with particularity in accordance with Fed. R. Civ. P. 9(b); and (v) the Complaint adequately pleads distinct fraud and breach of contract claims.

A.  **The Court Has Personal Jurisdiction Over Obbink**

Generally, a district court sitting in diversity has personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4(k)(1)(A). To determine whether personal jurisdiction over a defendant is proper, the Court uses a two-step analysis. *V&A Collection, LLC v Guzzini Props.*, 2021 U.S. Dist. LEXIS 49106 (S.D.N.Y. Mar. 16, 2021).  First, the Court must determine whether a state's long-arm statute confers jurisdiction over the defendant.  Second, the Court must consider whether the exercise of personal jurisdiction over the defendant comports with the requirements of the Due Process Clause of the United States Constitution.

New York's long-arm statute, N.Y. C.P.L.R. §302(1), confers specific jurisdiction over Obbink because he transacted business within the state and contracted to supply goods or services in the state. Obbink was an active dealer in ancient papyri ("Papyri") for over twenty years during which he routinely sold Papyri to buyers in New York State and traveled to the United States from the United Kingdom through John F. Kennedy International Airport, located in New York State. With regard the Fragments, upon information and belief, Obbink used the United States Postal Service and FedEx located at John F. Kennedy International Airport in New York State to send the Fragments to Hobby Lobby.  In addition, upon information and belief, Obbink traveled to the United States through John F. Kennedy International Airport in New York State to meet with representatives of Hobby Lobby and MOTB.

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)). "[T]he nonresident generally must have

certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. (internal quotation marks omitted) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). "For a State to exercise specific jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284.2. In this case, upon information and belief, Obbink used the United States Postal Service and/or FedEx located at John F. Kennedy International Airport in New York State to send the Fragments to Hobby Lobby. In addition, upon information and belief, Obbink travelled to the United States through John F. Kennedy International Airport in New York State to meet with representatives of Hobby Lobby and MOTB.

### B. <u>Venue in the Eastern District of New York is Proper</u>

Venue for this case is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(3) because Obbink is not resident in the United States. Pursuant to §1391(b)(3), venue is proper in any district "in which any defendant is subject to personal jurisdiction at the time the action is commenced" where "there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b)(3); *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 434-435 (2d Cir. 2005) ("venue may be based on [28 U.S.C. § 1391(a)(3)] only if venue cannot be established in another district pursuant to any other venue provision"); *Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996).

Here, because Obbink does not reside in any judicial district in United States, venue would not be proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(1). Likewise, venue is not proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because Obbink's fraud and breach of contract occurred substantially outside the

United States and because the stolen Fragments have been returned to the EES in Oxford, England and are no longer located in the United States.

C. **Service of the Summons and the Complaint was Proper**

Obbink was properly served with the Summons and Complaint at his residence, a houseboat in Oxford, England on September 7, 2021, pursuant to Fed. R. Civ. P. 4(f)(1) under the rules of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Service Convention"), to which the United Kingdom is a signatory. The Hague Service Convention allows for service by direct service through an agent in the destination state. The Summons and Complaint was served by APW Investigations of Oxfordshire, United Kingdom on Defendant on September 7, 2021. A copy of APW's Certificate of Service was filed with the Court on September 12, 2021 (ECF Docket No. 6) and was also provided to the Court as Attachment #1 to the Letter to Judge Kovner in response to Order of September 7, 2021 by Hobby Lobby. (ECF Docket No. 7).

D. **The Complaint Pleads Fraud with Particularity in Accordance with Fed. R. Civ. P. 9(b)**

"[In] all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Thus, Fed. R. Civ. P. 9(b) requires that fraud claims be pleaded with a level of specificity beyond the usual "short and plain statement" standard of Fed. R. Civ. P. 8. A complaint alleging fraud must: "(a) specify the statements that the plaintiff contends were fraudulent; (b) identify the speaker;. (c) state where and when the statements were made; and (d) explain why the statements were fraudulent " See *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (*quoting Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).

Hobby Lobby satisfies all four prongs of the test. First, the Complaint pleads specific statements made by Obbink about the Fragments that are fraudulent: that Obbink was selling Papyri that came from private collectors (Complaint, ¶15), which was false because some of the Fragments had been stolen by Obbink from the EES (*id*., ¶17); that Obbink had (1) all right, title, and interest in and to the Fragments; and (2) unencumbered right to sell the Fragments; and that the purchase of the Fragments would not infringe upon the rights of any third party, representations that were made in writing (*id.*, ¶16]. None of Obbink's representations and warranties could have been made honestly considering the information Obbink possessed about the origin of the Fragments. (Complaint, ¶17). The Second Circuit has held that a complaint must specifically "link[] the alleged fraudulent statements to particular [defendants]" to satisfy Rule 9(b). *Mills*, 12 F.3d at 1175; *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1249 (2d Cir. 1987) (allegations of fraud were insufficient where the complaint did not link any of the defendants to the alleged fraudulent statement). Here, the fraudulent statements were made by Obbink to Hobby Lobby in writing. (Complaint, ¶16). Third, the Complaint states where and when the statements were made because they were made in dated purchase agreements executed by Obbink. (*Id*.). Fourth, the statements about the previous and current ownership of the Fragments were clearly fraudulent because Obbink stole the Fragments from his employer, EES. (Id., ¶25).

E. **The Complaint Adequately Pleads Separate Fraud and Breach of Contract Claims**

The fraud and breach of contract claims in the Complaint are not parallel, but, rather, separate. Critically, the Complaint does not plead a contract claim on the underlying Sale Agreements from which the fraud claim arises. Rather, the contract claim is for breach of a

different agreement, the subsequent 2018 Agreement that concerns only one of the Fragments. Therefore, Hobby Lobby contract claim is not parallel to the fraud claim and is properly pleaded.

Though the foregoing discussion demonstrates, in accordance with the Court's June 2022 Order, that Hobby Lobby is entitled to the entry of a judgment of default, if the Court deems the Complaint to be lacking in any particulars, Hobby Lobby respectfully requests that it be permitted to amend the Complaint.

## **CONCLUSION**

For the foregoing reasons, the Hobby Lobby respectfully requests that the Court enter a judgment by default against Defendant.

Dated: June 20, 2022 Respectfully submitted,

/s/ Michael McCullough
_____
Michael McCullough
Anju Uchima
Pearlstein & McCullough LLP
641 Lexington Avenue, 13th Floor
New York, NY 10022
T: 646.762.7264
MMcCullough@PMCounsel.com

*Attorneys for Hobby Lobby Stores, Inc.*