UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HOBBY LOBBY STORES,        \*    Case No. 21-CV-3113(RPK)
                           \*
                           \*
          Plaintiff,    \*    Brooklyn, New York
                           \*    June 30, 2022
    v.                 \*
                           \*
DIRK D. OBBINK,          \*
                           \*
         Defendant.    \*
                           \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
BEFORE THE HONORABLE MARCIA M. HENRY
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:        MICHAEL JOSEPH McCULLOUGH, ESQ.
                          ANJU UCHIMA, ESQ.
                          Pearlstein & McCullough
                          641 Lexington Avenue
                          New York, NY  10022

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1          (Proceedings commenced 4:06 p.m.)

2          THE CLERK:  Good afternoon.  This is a civil cause

3     for motion hearing for case no. 21-CV-3113, Hobby Lobby

4     Stores, Inc. vs. Obbink.

5          As a reminder, pursuant to Local Civil Rule 1.8, the

6     parties may not independently record any court proceeding.  A

7     transcript of these proceedings may be ordered from the

8     clerk's office.

9          That being said, counsels for plaintiff, please

10    state your appearance.

11         MR. McCOLLOUGH:  Good afternoon, Your Honor.

12    Michael McCollough, Pearlstein & McCollough, 641 Lexington

13    Avenue, 13th floor, New York, New York 10022.

14         Joining me is Anju Uchima, also from my firm.

15         THE COURT:  Good afternoon to each of you.

16         MR. McCOLLOUGH:  Good afternoon.

17         THE COURT:  Is there anyone else on the line?

18         THE CLERK:  There's no appearance for the

19    defendants.

20         THE COURT:  Okay.  So that is everyone.  And is it

21    Mr. Uchima or Ms. Uchima?

22         MR. McCOLLOUGH:  Mister, Your Honor.

23         THE COURT:  Mr. Uchima.  All right.  Okay.

24         So this case is on for a status conference -- well,

25    it's a motion hearing really.  And the complaint was filed

just about a year ago in June of 2021 and subsequently in response to an order from Judge Kovner, proof of service was filed in September of 2021.

In November of 2021 (indiscernible) from the clerk's office and an entry of default was filed on November 30th of 2021 at document number 9. Then the motion for default judgment was filed and Judge Kovner referred that to me for a report and recommendation.

So in my scheduling order for this hearing I did request additional information because the original filing did not include a memorandum of law pursuant to Local Civil Rule 7.1(a)(2), nor did the application append a certificate of default from the clerk's office or a copy of, in this case, the complaint, which is the operative pleading to which the defendant hasn't responded.

I did receive a supplement on June 20th at document number 11 and it does contain a memorandum of law. It doesn't appear to contain any of the other things that were missing from the original filing.

So Mr. McCollough or Mr. -- is it Uchimo?

MR. UCHIMA: Uchima.

THE COURT: Uchima. Okay. Any explanation for that?

MR. McCOLLOUGH: I'm sorry, Your Honor. I could not hear the last ten seconds of what you just said. Anju, were

1    you able to hear the judge?

2            MR. UCHIMA:  I was able to hear the judge.  She was

3    asking --

4            MR. McCOLLOUGH:  Okay.

5            MR. UCHIMA:  -- why we do not have a certificate of

6    default or a copy of the complaint annexed to the memorandum

7    of law that was filed on the 20th.

8            MR. McCOLLOUGH:  That's because I mistakenly forgot

9    to put it on the memorandum of law.  That's my fault. I

10   apologize, Your Honor.

11           THE COURT:  All right.

12           Now as a practical matter, that alone could be

13   grounds to deny because you haven't complied with the local

14   rule.  But I'm going to ask you to submit that as one

15   pleading, or one filing immediately after this conference.

16           MR. McCOLLOUGH:  I will do that, Your Honor. Thank

17   you.

18           THE COURT:  I shouldn't have to go flipping through

19   the docket to get papers to support your motion.

20           I have several questions.  Regarding the

21   jurisdictional question -- hold on one second here.

22           All right.  So in your memo you expounded on the

23   personal jurisdiction question, but none of this information

24   is included in the complaint.

25           So why don't you tell me why you believe that given

1    that it's not in the complaint you think that I can grant your

2    motion for a default?

3              MR. McCOLLOUGH:  I -- let's see.

4              In the complaint -- let me look at our complaint.

5    In paragraph 7 we alleged that the court had jurisdiction over

6    Obbink because he transacted business in New York or because

7    he committed tortuous acts in New York.

8              So he generally alleged that he transacted business

9    in New York. I think our memorandum expands on that.

10             THE COURT:  Right, but it's not pled.  And New York

11   -- excuse me -- right.  I guess what I'm trying to say here is

12   that it doesn't appear to be pled with any sort of

13   specificity.  There don't seem to be specific facts in the

14   complaint as to why this court has jurisdiction.

15             So as I said, you expounded on that in your

16   memorandum of law but ultimately we're talking about the

17   complaint.  We're talking about whether or not as a matter of

18   law you have pled in your complaint facts sufficient to

19   support jurisdiction.

20             MR. McCOLLOUGH:  Okay.

21             THE COURT:  So I --

22             MR. McCOLLOUGH:  Your Honor, may I do note that --

23             THE COURT:  Sure.

24             MR. McCOLLOUGH:  I'm sorry.  Go ahead.

25             THE COURT:  Go ahead.

1        MR. McCOLLOUGH:  I was just going to say that I do

2   note that in your June 2nd quarter you did give us the option

3   of sending you a letter to opt, I guess is the right word, to

4   file an amended complaint.

5        If that option is still open to us, we would be

6   prepared to avail ourselves to it and to specifically plead

7   those matters that are in the memorandum of law and the

8   amended complaint.

9        THE COURT:  Okay.  Does that mean that you're also

10  withdrawing your motion for a default judgment?

11       MR. McCOLLOUGH:  I think that that would have to be

12  the case if we were going to proceed on an amended complaint.

13       THE COURT:  Okay.  Well, then why don't we address

14  some of the other points that I was going to raise because I

15  think then you can address them in your amended complaint or

16  in your subsequent service of process.

17       Now the jurisdictional question we've just covered.

18  Same thing with venue.  And it is unclear to me, and if I've

19  missed it, certainly by all means let me know.

20       It is not entirely clear where the event in this

21  complaint took place.  You've talked about where the plaintiff

22  is incorporated and you've talked about where the defendant

23  resides, but the actual activities where did they occur?

24       MR. McCOLLOUGH:  Well, I think if I could back up a

25  moment and give you some more information about the defendants

1   and the plaintiff that might -- I think that would help frame

2   this.

3         So the defendant is a U.S. citizen from Nebraska who

4   studied in Nebraska, was a professor at Columbia and then was

5   appointed as a professor in Oxford, England.

6         He was also -- which is relevant to this discussion,

7   was between 2003 and 2007 a professor at the University of

8   Michigan.

9         So between 2010 and 2011 the defendant was a

10   consultant to Hobby Lobby as an independent contractor for two

11   years between September, 2011 and August, 2012.

12         During that time six of the seven purchase

13   transactions happened.  So while the defendant was a

14   consultant to Hobby Lobby, he was also pitching and selling

15   them objects that he represented were from his collection and

16   other private collections.

17         In August, 2012 then the defendant became a

18   consultant to the Museum of the Bible, which was created in

19   August, 2012 and then thereafter served as the consulting arm

20   of Hobby Lobby's acquisitions.  So Hobby Lobby was building a

21   biblical antiquities collection that it would then donate to

22   the Museum of the Bible, which it did in 2017.

23         So the defendant was one of the earliest paid

24   consultants on the project between September, 2010 to '12 and

25   in '12 the defendant becomes a consultant to the museum.

1          The seven purchases were conducted during the

2     consultancy. The consultancy was between the defendant and

3     Hobby Lobby and there was travel between the U.K. and Oklahoma

4     City where the plaintiff is domiciled.

5          So the activities were in the U.K., in Oklahoma

6     City, where the meetings happened and then the sales were done

7     on contracts drafted by Hobby Lobby under Oklahoma law that

8     were executed -- I think they were executed by email. and then

9     the defendant was traveling and sending the property -- the

10    sales property to the United States we believe through the

11    Eastern District or partly through the Eastern District,

12    through JFK.  So --

13          THE COURT:  Is that stated in the complaint?

14          MR. McCOLLOUGH:  This information is not in the

15    complaint.

16          THE COURT:  All right.  Because what you say for

17    venue is that it's proper because he doesn't reside in the

18    United States. You've then given me a rather lengthy

19    explanation and then at the end said and it happened through

20    the Eastern District of New York.

21          So, again, I think because you have indicated, based

22    on Mr. Uchima's statements, that you are planning to withdraw

23    your motion and amend the complaint, I am raising these as

24    things that you may want to address in your amended complaint.

25          MR. McCOLLOUGH:  Yes, Your Honor.  Yes, I will do

1          that.

2                    THE COURT:  All right.  Then the next thing is --

3          okay.  The service issue.

4                    So perhaps that less so about amending the complaint

5          and just confirming -- and I think you provided additional

6          information in your pleadings, but understanding that the

7          defendant is located in the U.K. and that the -- I believe the

8          -- I think that your affidavit needs to make clear that the

9          methods of service are, in fact, compliant with either the

10         Hague Convention or U.K. law.

11                   MR. McCOLLOUGH:  We can do that.  They are.

12                   THE COURT:  Okay.  But you need to tell me why or

13         say in your papers why, but go ahead.  Yes.

14                   MR. McCOLLOUGH:  Your Honor, you mean by affidavit

15         the affidavit that accompanies the motion for default?

16                   THE COURT:  Yes.

17                   MR. McCOLLOUGH:  Okay.  So that will be after the

18         amended complaint and the -- I guess the -- well, it would be

19         --

20                   THE COURT:  (Indiscernible)  complaint.

21                   MR. McCOLLOUGH:  Yeah, that would be a re-service

22         this time of the amended complaint anyway?  Yeah. Okay.

23                   THE COURT:  Correct.  And then the final thing is

24         the particularity requirement.

25                   So the Rule 9(d) particularity -- actually, I

1   shouldn't say finally. But you allege fraud here and when

2   you're alleging fraud the general principle is that you're

3   alleging the who, what, when and where, right? Who made the

4   false statement? What was the nature of the false statement?

5   Those have to be plead with particularity.

6           And again, I'm -- you indicated in your motion that

7   -- let's see. You stated in paragraph 15 of your complaint

8   that the defendant was selling -- it is papyri? Am I saying

9   that correctly.

10          MR. McCOLLOUGH: Papyri, yes.

11          THE COURT: Papyri. Even better. Papyri.

12          Okay. For each of the purchases Obbink represented

13  the Hobby Lobby that he was selling papyri that came from

14  private collectors. Okay.

15          And these are all in these private sale agreements.

16  Okay. Well, what were the statements that he made? How did

17  he make them? Did he say them? Was it in an email? Was it

18  an affirmation in the signature line of the sale agreements?

19          With particularity, who said it, when did they say

20  it, where did they say it, how did they say it? And I believe

21  that I -- well, I didn't include a case in my order, but that

22  case was related to something else. But there's ample case law

23  about this.

24          And then the fifth point was pleading parallel fraud

25  and breach of contact claims. So -- I see. You did fix this

1    one.  Okay.  I think you did cover this one. My apologies.

2    Right.  You've clarified that this is regarding the 2018

3    agreement.

4                 MR. McCOLLOUGH:  Yes.

5                 THE COURT:  Okay.  That's fine.  All right.

6                 So with all of that what I'm going to do is because

7    this was referred to me on an R and R I can write a very

8    short, electronic order that states that -- you know, as

9    stated on the record at today's conference the parties

10   indicated that they intend to withdraw their motion and amend

11   the complaint and given the liberal pleading standards for

12   amending complaints I'm going to recommend that they be given

13   leave to amended the complaint.

14                So I think from there Judge Kovner will likely see

15   that and will likely gavel the motion as moot because you've

16   indicated that you're withdrawing it.  And that would be both

17   your original motion and then your memorandum of law because

18   you filed the two separate motions.

19                So once you've amended and completed service and

20   refiled all of the above then your motion for default judgment

21   is going to very carefully follow the dictates of Local Rule

22   7.1, correct?

23                MR. McCOLLOUGH:  Yes.

24                THE COURT:  Okay.  Including the clerk's -- well,

25   you're going to have to request an entry of default because

1    it's going to be on the amended complaint, as well as --

2           MR. McCOLLOUGH:  Right.

3           THE COURT:  Right.  The clerk's certificate, the

4    complaint -- the amended complaint, excuse me, your memorandum

5    of law in support of a motion for default judgment.  Any

6    affidavits that you're submitting to support that motion,

7    which affidavits are not pleadings that should be in the

8    complaint, but any other facts.

9           And then Judge Kovner may take the same route and

10   refer it to me, in which case we may be having this

11   conversation again or she may decide to rule on it herself.

12          Any questions about any of that?

13          MR. McCOLLOUGH:  Yes. We'll await Judge Kovner's

14   order granting us leave to amend and then we will follow up

15   with an amended complaint, I guess is the procedure.

16          THE COURT:  Okay.

17          MR. McCOLLOUGH:  Yeah.

18          THE COURT:  All right.  Okay.

19          One more other thing, since this is something that I

20   would have asked about if you were proceeding with your

21   current motion.

22          Your complaint says that you're seeking reasonable

23   attorney's fees and costs. Your motion did not make clear

24   whether or not you were still seeking that and if you were

25   intending to seek attorney's fees and costs, then you would

1    need to submit attorney billing records and any documents that

2    support your request for costs.

3                MR. McCOLLOUGH:  Right.

4                MR. UCHIMA:  Okay.

5                THE COURT:  All right.

6                MR. McCOLLOUGH:  Okay.  Thank you very much, Your

7    Honor.

8                THE COURT:  Okay.  All right. Thank you both very

9    much.  If there is nothing else, then we are adjourned and I

10   wish you and your families continued good health and safety

11   and have a great holiday weekend.

12               MR. McCOLLOUGH:  Thank you, Your Honor.

13               MR. UCHIMA:  Thank you, Your Honor.  Thank you.

14               THE COURT:  Thank you.  Bye-bye.

15        (Proceedings concluded at 4:27 p.m.)

16     I, CHRISTINE FIORE, court-approved transcriber and

17   certified electronic reporter and transcriber, certify that

18   the foregoing is a correct transcript from the official

19   electronic sound recording of the proceedings in the above-

20   entitled matter.

21

22        *Christine Fiore*

23   _____        July 12, 2022

24     Christine Fiore, CERT-410

25        Transcriber